**IN THE COURT OF APPEALS OF IOWA**

No. 25-0411
Filed May 21, 2025

**IN THE INTEREST OF F.C.,**
**Minor Child,**

**M.M., Mother,**
　　Appellant.

_____

　　Appeal from the Iowa District Court for Webster County, Joseph L. Tofilon, Judge.

　　The mother appeals the termination of her parental rights. **AFFIRMED.**

　　Neven J. Conrad of Conrad Law Firm, Fort Dodge, for appellant mother.

　　Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

　　Brandy R. Lundy, Moorland, attorney and guardian ad litem for minor child.

　　Considered without oral argument by Greer, P.J., and Badding and Chicchelly, JJ.

**GREER, Presiding Judge.**

The juvenile court terminated the mother's parental rights to F.C., born in 2024, pursuant to Iowa Code section 232.116(1)(h) (2024).[1] The mother challenges termination, arguing (1) it was improper for the juvenile court to hold a combined permanency and termination-of-parental-rights hearing, (2) the State failed to prove the statutory ground for termination because F.C. could have been returned to her custody, and (3) the court should have given her additional time to work toward reunification. In the alternative, the mother asks for the court to establish a guardianship in lieu of termination.

We review termination proceedings de novo. *In re R.M.-V.*, 13 N.W.3d 620, 624 (Iowa Ct. App. 2024). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* (citation omitted).

**Combined Hearings.** We start with the mother's claim that Iowa Code chapter 232 does not authorize the juvenile court to hold a combined permanency and termination hearing—she maintains she should have been afforded a permanency hearing and received a ruling before the termination trial and that this procedural failure should result in reversal of the termination order. The State responds that the mother failed to preserve error on this claim, noting the issue was only raised in passing after the evidentiary portion of the combined hearing when the mother's attorney stated, "Just procedurally, the only argument that we would make outside of those grounds is that I don't believe that termination is

---

[1] The parental rights of the putative father were also terminated; he does not appeal.

appropriate today, as I believe that it should be just restricted to a permanency hearing at this point in time." And the juvenile court did not explicitly rule on the issue in the order terminating the mother's parental rights. *Cf. 33 Carpenters Constr., Inc. v. State Farm Life & Cas. Co.*, 939 N.W.2d 69, 76 (Iowa 2020) (concluding issue was preserved when district court implicitly rejected the argument with its ultimate ruling).

Assuming without deciding the issue is preserved for our review, "[w]e continue to hold nothing in the statutes or rules prohibits a concurrent permanency and termination hearing." *In re P.S.*, Nos. 21-0395 & 21-0779, 2022 WL 120411, at *2 (Iowa Ct. App. Jan. 12, 2022); *see also In re H.V.*, No. 15-1481, 2015 WL 6507559, at *1 (Iowa Ct. App. Oct. 28, 2015) ("[O]ur statutory scheme does not bar holding a concurrent permanency and termination hearing."); *In re C.M.*, No. 19-2056, 2020 WL 1550685, at *3 (Iowa Ct. App. Apr. 1, 2020) (recognizing "[t]here are safeguards against hasty filings of termination petitions built into the statutory framework" but "those safeguards do not include a requirement for a permanency order entered pursuant to Iowa Code section 232.104(2)(c) before a termination petition can be filed"); *In re D.D.R.C.*, No. 00-1912, 2001 WL 913787, at *2 (Iowa Ct. App. Aug. 15, 2001).

**Statutory Ground.** The juvenile court terminated the mother's parental rights to F.C. pursuant to section 232.116(1)(h), which allows the court to order termination when all the following are met:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months,

> or for the last six consecutive months and any trial period at home has been less than thirty days.
>
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother challenges only the fourth element—whether the child could be returned to her custody at the time of the February 2025 termination hearing. *See In re W.T.,* 967 N.W.2d 315, 322 (Iowa 2021) (interpreting section 232.116(1)(h)(4) as requiring a finding of "whether [the child] could have been placed in [the parent's] custody at the time of the hearing").

While the mother testified she believed F.C. could be returned to her custody, we agree with the juvenile court that the State proved otherwise.[2] F.C. was born in February 2024 with amphetamine in her urine, and the mother admitted using methamphetamine during her pregnancy. Despite this fact and two separate substance-use evaluations that recommended residential treatment, the mother engaged in only one day of treatment (before she was kicked out of the program) over the life of the case. She missed all nineteen drug tests the Iowa Department of Health and Human Services (HHS) asked her to attend. The mother testified her last use of methamphetamine was before F.C.'s birth—she attributed her skipping of drug tests to distrust of the system rather than attempting

---

[2] The mother suggests we should believe her testimony at the termination hearing regarding her sobriety, living arrangement, and mental health, but the juvenile court's recitation of facts make clear it did not find the mother credible. We "are to defer to witness credibility determinations made by the juvenile court. We give that deference to the juvenile court because it is in a much better position than we are to assess the credibility of a witness." *In re E.R.,* No. 23-1723, 2024 WL 4965988, at *5 (Iowa Ct. App. Dec. 4, 2024) (internal citation omitted).

to conceal substance use—but this testimony was not credible.[3]  *See In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012) ("We have long recognized that an unresolved, severe, and chronic drug addiction can render a parent unfit to raise children.").

The mother also has unaddressed mental-health needs and has exhibited poor parenting decisions and an inability to regulate her emotions during supervised visits.  And it was unclear if her home was safe for F.C., as HHS had not been allowed to approve her housing—her supervised visits with F.C. took place elsewhere.  For all these reasons, F.C. could not be returned to the mother's custody at the time of the termination hearing.

**Additional Time.**  The mother asks for an additional six months to work toward reunification with F.C.  "[T]he juvenile court may deny termination and give the parent an additional six months for reunification only if the need for removal 'will no longer exist at the end of the additional six-month period.'"  *W.T.*, 967 N.W.2d at 323 (quoting Iowa Code § 232.104(2)(b)).  And we must consider if giving the mother more time is in F.C.'s best interests.  *See id.*

The juvenile court denied the mother's request for additional time, concluding the mother was "no closer to reunification today than she was at the beginning of the case" and noting it had "no confidence she would make any improvement in the next six months."  We echo these sentiments; the mother failed to make any measurable positive progress in the nine months between formal removal and the termination hearing, which prevents us from concluding an

---

[3] The juvenile court did not explicitly make this credibility finding, but it noted it was allowed to conclude the mother's missed drug tests would have been positive for controlled substances, *see, e.g.*, *In re M.M.*, No. 21-1034, 2021 WL 4303646, at *3 (Iowa Ct. App. Sept. 22, 2021), and it did so.

additional six months would rectify the situation. Additional time is not warranted here.

**Guardianship.** Finally, in the alternative, the mother asks that we establish a guardianship in the maternal aunt instead of terminating the mother's parental rights. *See* Iowa Code §§ 232.117(5), 232.104(4). Generally, "a guardianship is not a legally preferable alternative to termination." *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018) (citation omitted). This is especially true when the child at issue is young, with many years before they reach majority. *See In re L.D.*, No. 21-0223, 2021 WL 1661152, at *5 (Iowa Ct. App. Apr. 28, 2021); *see also A.S.*, 906 N.W.2d at 477–78 (Iowa 2018) (rejecting guardianship when child was two years old and guardianship "would not terminate until the child reaches the age of majority—sixteen years" later).

Here, F.C. has been out of the mother's care since birth—first with a voluntary placement and later under a formal removal order. The child was only twelve months old at the time of the termination hearing; she lived with pre-adoptive foster parents, who had previously adopted two of the child's half-siblings. Termination of the mother's parental rights would allow F.C. to remain permanently in the home where she had spent nearly all her life and with biological siblings. *See* Iowa Code § 232.116(2)(b). This, rather than maintaining the mother's rights and establishing guardianship with the maternal aunt, is in F.C.'s best interests. *See id.* § 232.104(4)(a). We agree with the juvenile court that a guardianship is not the best option here.

We affirm the termination of the mother's parental rights.

**AFFIRMED.**